## James DeLand et al.
## v.
## William Metzger.

*Foreclosure of Mortgage—Note by Guardian Payable to his Successor—*
*Failure of Consideration—Delivery in Escrow.*

Upon a bill filed to foreclose a mortgage, given to secure a note made
by the guardian of a minor and payable to his successor on a promise by the
latter to credit the guardianship account of the maker, and to procure an order
from the County Court to that effect, it is *held:* That an answer setting up
said promise, a failure of performance, and the pendency of a suit against
the maker for the entire balance of said guardianship account, was pertinent;
that the promise of the payee did not bind him personally or as guardian,
and that the note was either without consideration, or was given upon a
consideration which has wholly failed.

[Opinion filed May 25, 1886.]

Appeal from the Circuit Court of DeWitt County; the
Hon. Cyrus Epler, Judge, presiding.

Messrs. Moore & Warner, for appellants.

The want or failure of consideration is a good defense to an
action to foreclose a mortgage. Weaver v. Wilson, 48 Ill.
125; Wears v. Pierce, 24 Pick. 141; Hannah v. Hannah, 123
Mass. 441; Jones on Mortgages, Secs. 610, 612, 1297 and
1490, and cases cited.

A guardian can only compound a claim with the approba-
tion of the Probate Court. Ch. 64, Sec. 17, R. S.; Sperry v.
Fanning, 80 Ill. 371; McIntyre v. People, 103 Ill. 142.

Mr. Richard A. Lemon, for appellee.

Pleasants, J. This was a bill filed by appellee against ap-
pellants and others to foreclose a mortgage executed May 29,
1883, by James DeLand and Mary, his wife, to secure a note
of said James, of the same date, for $4,492.79, payable to

"William Metzger, guardian of F. H. Magill," or order, on or before two years from date, with interest at six per cent. Appellant Emma L. Magill was a junior mortgagee.

Appellants filed a joint and several answer, averring that on the 28th of May, 1883, complainant was by the County Court of De Witt County appointed guardian of Frederick A. Magill, to succeed respondent, James DeLand, who had been his guardian for many years, and as such was then indebted to his said ward for money received in excess of what he had paid out in about the sum of $16,000; that being unable to pay the same or any part thereof to his successor, the latter "promised the defendants, James DeLand and Mary DeLand, that if the defendant, James DeLand, would turn over to him, the complainant, a large amount of notes and mortgages then owned and held by the defendant, James DeLand, of the value of about four thousand dollars, and make and deliver to the complainant the note in said bill described, and the defendant James DeLand, and Mary DeLand, his wife, would make, execute and deliver to the complainant the mortgage mentioned in said bill, the defendant Mary DeLand, releasing her homestead and dower interests in and by said mortgage to the lands therein described, he, the complainant, would receive and accept such notes and mortgages and the note and mortgage in said bill mentioned, at their face value, principal and interest, to wit: $8,992.79, as so much cash, credit the defendant James DeLand therewith on account of his said guardianship, and procure an order of said County Court to that effect, and that in consideration thereof, and for no other consideration whatever." the notes and mortgages first mentioned were delivered and the note and mortgage in said bill described were executed to said complainant.

It then avers that complainant has not so credited said James DeLand with said amount, or any other amount, nor procured an allowance of the same by said County Court, but to the contrary thereof obtained an order of said court upon said defendant to pay over the whole of said sum of $16,000 to complainant, and also brought a suit in the Circuit Court for said county against said defendant and his sureties on his

DeLand v. Metzger.

guardian's bond for the whole of said sum and interest thereon from the date of said order of payment, which suit is still pending; that he refuses to allow said defendant and his sureties any credit in said suit on account of said notes and mortgages, which he still holds and retains, as it alleges he procured them, for the purpose of defrauding respondents and each of them.

To all of this matter, exception for impertinence was sustained, and respondents, declining to make further answer pursuant to the rule entered thereon, were defaulted, and the bill taken *pro confesso*, on which, and the master's report of proofs and computation of the amount due, the court entered a final decree of foreclosure and sale in the usual form. The respondents appealed.

Since everything in the answer, aside from a general denial of the indebtedness to complainant as alleged, and of his right to the relief sought, which are conclusions only, was embraced in the exception, we see no irregularity in requiring a further answer, and taking the bill as confessed for want of it. Practically, the case was disposed of on bill and answer, and the question now is whether the answer was pertinent and sufficient, which depends upon the construction of the agreement therein set forth.

DeLand was bound to pay over the balance chargeable against him in money. R. S. Ch. 64, Sec. 157. Appellee, as guardian in succession, was not merely unauthorized, but substantially forbidden to accept anything in lieu of it without the approbation of the County Court. R. S. Ch. 64, Sec. 17. A promise to do so would therefore have been void or at least ineffectual. That both the parties knew this, is evident from the further promise to obtain a proper order of said court therefor. They must also have known, for it amounts to the same thing, that he could no more bind himself as guardian—that is, his ward's estate—to obtain such an order, than to accept the securities at their face value without it.

It can not then be supposed that an absolute promise to that effect was intended or understood to be made by him as guard-

DeLand v. Metzger.

ian or otherwise, for there is nothing in the answer to indicate that he said or did anything in the premises otherwise than as guardian, and the statement of his promise is to be construed in that view. While in some cases an absolute agreement so made, but which could not be so enforced from mere want of authority to make it, might bind him personally, the point here is that in this case he did not make such an agreement as guardian, and the inference from that, and the further fact that he acted throughout only as guardian, is that he did not make it at all.

It is to be considered also that there was no consideration of personal advantage to him for such a promise, and that in the nature of the case performance was not certainly possible by any means he could use. It would have been unreasonable to take the risk of damages for a failure without fault, unless for some corresponding benefit in the event of success, and even then, in a case like this, it would have been but little better than a gambling transaction.

So that although the terms employed to state it in the answer may of themselves import an absolute promise, for the reasons above given, and in the light of the circumstances set forth, we incline to think it was really only conditional in substance; that if appellee should not obtain the order of approval mentioned, the note and mortgage in question should be of no effect. That would have been lawful and reasonable, and substantially such as is alleged.

But if this be not a sound construction, we are clearly of opinion that the immediate and moving consideration for the execution of the note and mortgage was the credit to be actually and effectually given upon DeLand's indebtedness as guardian, and not appellee's promise in respect to it.

In either view the answer was pertinent. If the mortgage may not be regarded in equity as having been delivered in escrow to appellee in his individual capacity, for him as guardian, upon performance of the condition, it was upon a consideration which has wholly failed.

The decree is therefore reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed and remanded.*